IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GERMANY SMITH, | ) |
| Plaintiff, | ) |
| | ) Case No. 4:23-cv-00471 |
| v. | ) |
| | ) Removed from the Circuit Court of |
| DOLGENCORP, LLC, D/B/A DOLLAR GENERAL STORE AND DERRICK WILLIAMS, | ) Jackson County, Missouri |
| | ) Case No.: 2316-CV09221 |
| Defendants. | ) |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Dolgencorp, LLC, d/b/a Dollar General ("Dollar General"), hereby removes to the United States District Court for the Western District of Missouri the action styled *Germany Smith v. Dolgencorp, LLC, d/b/a Dollar General Store, et al.*, Case No. 2316-CV09221, currently pending in the Circuit Court of Jackson County, Missouri. Dollar General removes this case on grounds of diversity jurisdiction because (a) there is complete diversity of citizenship between Plaintiff Germany Smith and Dollar General; (b) the citizenship of Defendant Derrick Williams ("Defendant Williams"), who was fraudulently joined, must be disregarded; and (c) the amount in controversy exceeds $75,000. Further, Defendant Williams consents to removal of this action. In support of its Notice of Removal, Dollar General states as follows:

**STATE COURT ACTION AND TIMELINESS OF REMOVAL**

1. Plaintiff Germany Smith ("Plaintiff") commenced the above-captioned action in the Circuit Court of Jackson County, Missouri on April 4, 2023, by filing her Petition in the case styled *Germany Williams v. Dolgencorp, LLC, d/b/a Dollar General Store, et al.*, Case No. 2316-CV09221.

2. Plaintiff served Defendant Williams with a summons and petition on June 1, 2023 and served Dollar General on June 7, 2023.

3. Plaintiff's Petition alleges tortious assault and battery against Defendant Williams (Count I) and sexual harassment/sexually hostile work environment under the Missouri Human Rights Act ("MHRA") against Dollar General (Count II).

2. As required under 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that Plaintiff served on Dollar General is attached as **Exhibit A**. A copy of the Jackson County, Missouri Circuit Court file is attached as **Exhibit B**.

3. Under 28 U.S.C. §§ 1441 and 1446, removal is timely if it is filed within 30 days after a defendant is served with a summons and the initial pleading. Dollar General is timely filing this Notice of Removal within 30 days of service. Further, in accordance with 28 U.S.C. § 1446(b)(2)(c), Defendant Williams hereby consents to removal of this action.

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the citizenships of Plaintiff and Dollar General are diverse, with Plaintiff being a citizen of Missouri, and Dollar General being a Kentucky limited liability company with its corporate headquarters/principal place of business in Tennessee. Defendant Williams is a citizen of the State of Missouri. However, because he is fraudulently joined, his citizenship does not destroy diversity. *See Johnson v. Midwest Division*-RBH, LLC, No. 4:20-CV-00728-BCW, 2021 WL 5541783, *1 (W.D.Mo. Jan. 11, 2021) ("A plaintiff cannot defeat diversity jurisdiction by collusive or fraudulent joinder of a resident defendant.") (citing *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1031 (E.D. Mo. Mar. 4, 2004) (further citing *Anderson v. Home Ins.*, 724 F.2d 82, 83-84 (8th Cir. 1983)).

4. If a court determines that non-diverse defendants have been fraudulently joined, their citizenship may be disregarded and the action may be removed. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003); *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002); and *Anderson*, 724 F.2d at 84. "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Filla*, 336 F.3d at 810.

5. Dollar General believes in good faith that Defendant Williams has been fraudulently joined to avoid removal to this Court.

6. Dollar General is the only proper Defendant in this action, and is not a citizen of the same state as Plaintiff. Thus, there is complete diversity among the parties.

7. Accordingly, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, this action may be removed because Dollar General has requested removal within thirty (30) days of having been served with Plaintiff's Petition and Summons.

## JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

5. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States. . ."

6. Plaintiff is a citizen of the State of Missouri. (*See* Exhibit A, Petition ("Pet.") ¶ 5).

7. Dollar General is a limited liability company ("LLC") and is organized under the laws of the State of Kentucky and has its principal place of business in Goodlettsville, Tennessee. (*See* **Exhibit C**, Kelly Collier Declaration at ¶ 3).

8. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of its state of incorporation and "of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). However, "[t]he citizenship of an LLC is not determined in the same way as that of a corporation." *OHM Hotel Group, LLC v. Dewberry Consultants, LLC*, 2015 WL 5920663, *1 (E.D.Mo. Oct. 9, 2015). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted).

9. Dollar General has only one member – Dollar General Corporation ("DG Corp."). (Ex. C at ¶ 4). DG Corp. is a corporation organized under the laws of the State of Tennessee and with its principal place of business in Goodlettsville, Tennessee. (*Id.* at ¶ 4). DG Corp. is therefore a citizen of Tennessee. Thus, for diversity jurisdiction purposes, Dollar General is a citizen of Tennessee.

10. Therefore, diversity exists under §1332 as the Plaintiff and Dollar General are citizens of different states.

## FRAUDULENT JOINDER OF DEFENDANT WILLIAMS

### Plaintiff has No Viable Cause of Action Against Defendant Williams

8. A plaintiff fraudulently joins a defendant when "there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." *Menz v. New Holland North Amer., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006); *quoting Wiles*, 280 F.3d at 871.

9. A nondiverse defendant is fraudulently joined in a state-court action and will not defeat removal when applicable state precedent precludes existence of cause of action against that defendant. *Filla*, 336 F.3d at 810-11.

10. Plaintiff pleads that Defendant Williams was her direct supervisor during the time she worked at a Dollar General store location Kansas City, Missouri in December 2021 and January 2022. *See* Pet. at ¶¶ 12-31.

11. Plaintiff alleges one count against Defendant Williams for Tortious Assault and Battery and a second count against Dollar General for sexual harassment/hostile work environment under the MHRA, all based on events alleged to have occurred during Plaintiff's employment with Dollar General. *See generally* Pet. at ¶¶ 12-50.

12. The MHRA (and two other specified statutes not relevant here) "provide[s] the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." *Johnson*, 2021 WL 5541783, *2 (citing Mo. Rev. Stat. § 213.070.2).

13. "In determining whether state common law tort claims are preempted by the MHRA (and thus barred as a matter of law), courts consider two characteristics of a plaintiff's complaint: (1) whether the tort claim 'arise[s] from the same factual allegations underlying Plaintiff's MHRA claims, . . . and (2) whether the alleged tortious conduct occurred outside the scope of the employment relationship.'" *Moses v. Church & Dwight Co., Inc.*, No. 4:21-cv-00820-RK, 2022 WL 808228, *4 (W.D.Mo. Mar. 16, 2022) (internal citations omitted).

14. In her Petition, Plaintiff alleges series of sexual comments and conduct by Defendant Williams during her employment with Dollar General, which Plaintiff claims she reported to her District Manager. *See* Pet. at ¶¶ 12-30.

15. Plaintiff claims that Defendant Williams' comments and conduct created a sexually hostile work environment for which she claims Dollar General is liable. *See* Pet. at ¶¶ 34-37 and 43-50.

16. Plaintiff further claims that one particular alleged action – Defendant Williams allegedly striking Plaintiff's backside with a ruler – constituted a battery for which she claims Defendant Williams is liable. *See* Pet. at ¶¶ 24-25 and 38-42.

17. Plaintiff specifically, but conclusorily, pleads that Defendant Williams' alleged battery was "outside the scope of his responsibilities and role as her supervisor." *See* Pet. at ¶ 40.[1] Importantly, however, Plaintiff does not plead that any of Defendant Williams' alleged comments or actions occurred outside the scope of her employment relationship.

18. Taken at face value, all of the events alleged by Plaintiff, including the sole incident that Plaintiff contends was a battery by Defendant Williams, occurred within the scope of her employment. Moreover, Plaintiff's battery claim against Defendant Williams arises from the same factual allegations underlying Plaintiff's MHRA claim against Dollar General. Thus, it meets both factors considered by courts "[i]n determining whether state common law tort claims are preempted by the MHRA (and thus barred as a matter of law)." *Moses*, 2022 WL 808228 at *4. Plaintiff's assault and battery claim against Defendant Williams is therefore preempted by the MHRA. *See Johnson*, 2021 WL 5541783 at *2-4 (finding plaintiff's claims of intentional infliction of emotional distress, defamation, and conversion against individual defendants arose in the course of her employment and were preempted by the MHRA, and denying motion to remand); and *Winfrey v. Ford Motor Co.*, No. 4:19-CV-00889-DGK, 2020 WL 1558117, at *2 (W.D. Mo. Apr. 1, 2020) (dismissing plaintiff's breach of contract, negligence, and intentional or negligent

---

[1] The Court need not accept Plaintiff's conclusory allegations as true. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (stating that bare conclusory allegations are "not entitled to be assumed true") (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)).

infliction of emotional distress claims because they arose out of an employment relationship and from the same factual allegations underlying Plaintiff's MHRA claims).[2]

19. Because Plaintiff's assault and battery claim against Defendant Williams arises from the same factual allegations underlying her MHRA claim against Dollar General, and allegedly occurred within the scope of her employment, it is preempted by the MHRA, which provides her exclusive remedy in this case. There is no reasonable basis in fact or Missouri law to support Plaintiff's claim against Defendant Williams and his citizenship must therefore be ignored by this Court.

20. Accordingly, Plaintiff has fraudulently joined Defendant Williams in order to defeat diversity and this case may be removed to this Court.

## AMOUNT IN CONTROVERSY

21. The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the fact finder "*might* legally conclude" that a plaintiff's damages are greater than $75,000. *See Muhammad v. Public Storage*, 2014 WL 2615736, *1 (W.D. Mo. June 12, 2014) (citing *James Neff Krampfer Family Farm v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir.

---

[2] Dollar General acknowledges one court in this jurisdiction has found that the MHRA did not preempt a battery claim against an individual defendant brought alongside an MHRA claim. *See Matthews v. Syncreon.US, Inc.*, No. 20-CV-6140-SRB, 2020 WL 6538332 (W.D.Mo. Nov. 6, 2020). That case, however, is distinguishable from the instant case. Notably, the court in *Matthews* found the plaintiff sufficiently alleged, "in the alternative, that his assault and battery allegations occurred outside the scope of his employment relationship with Defendants." *Id*. at *3. Here, in contrast, Plaintiff makes no such allegation that the alleged battery by Defendant Williams occurred outside the scope of her employment. *Matthews* is therefore *not* instructive. Moreover, the plain language of the MHRA, along with Plaintiff's allegations and the relevant factors considered by courts as set forth in *Moses*, show that Plaintiff's assault and battery claim against Defendant Williams is preempted by the MHRA.

7

2005) (emphasis in original). *See also Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

22. Courts consider compensatory damages, punitive damages and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

23. Plaintiff's alleged damages include that she has suffered "emotional distress, mental anguish, humiliation, and embarrassment . . . " as well as her request for "actual damages, . . . punitive damages, . . . attorneys' fees, . . . [and] costs . . . ." (*See* Pet. at ¶¶ 37, 50 and "WHEREFORE" paragraphs).

24. Dollar General believes in good faith that the amount in controversy exceeds $75,000, based upon the allegations in the Petition, and without any admission as to the merits of those allegations.

25. Plaintiff alleges violation of the MHRA and seeks actual, compensatory and punitive damages and attorneys' fees and costs. The MHRA allows for the potential recovery of actual and punitive damages, interest and attorneys' fees and costs. *See* Mo. Rev. Stat. §§ 213.111.2 and 213.111.4.

26. Here, if successful, it is difficult to see how the aggregate award for damages and attorneys' fees would not easily exceed the statutory threshold for diversity jurisdiction. While the MHRA contains caps on the amount of certain types of damages, including punitive damages that a plaintiff may recover, Dollar General employs in excess of 500 individuals, making the applicable cap $500,000. *See* Mo. Rev. Stat. § 213.111.4(d). Thus, if successful, there is a reasonable probability that Plaintiff's damages would exceed $75,000, based upon awards in

recent employment lawsuits. *See e.g., Lin v. Washington Univ., et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($269,000 judgment entered after jury verdict in the amount for actual damages); *Horn v. St. Louis Univ.*, Case No. 1222-CC09870 (St. Louis City Circuit Court, September 22, 2016) ($167,000 judgment entered after jury verdict in this amount for actual damages); *Eickhoff v. Union Pac.*, No. 0816-CV-20813 (Mo. Cir. Ct. Jackson Cnty., 2009) (the jury awarded plaintiff $120,000 in compensatory damages and $1.27 million in punitive damages); *Cato v. Missouri Highway & Transp. Comm'n*, No. 0916-CV30758 (Mo. Cir. Ct. Jackson Cnty., 2011) (the jury awarded plaintiff $75,000 in actual damages, $50,000 in punitive damages, and $187,791.50 in attorneys' fees); and *Alhalabi v. Mo. Dep't of Natural Res.*, No. 2106CC-0189 (Mo. Cir. Ct. St. Louis Cnty., 2008) (the jury awarded plaintiff $187,000 in actual damages, $150,000 in punitive damages, and the court awarded $474,949 in attorneys' fees).

27. Thus, Plaintiff's Petition seeks more than $75,000, which satisfies the amount in controversy requirement.

28. Accordingly, this Court has diversity jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

## **ACTION REMOVABLE**

29. As discussed in the above paragraphs, this action is removable based upon diversity jurisdiction.

30. Defendant Williams was fraudulently joined and his citizenship should therefore be ignored by this Court.

31. Under 28 U.S.C. §§ 1441(a) and 1446(a), and Local Rule 3.1, the United States District Court for the Western District of Missouri is the appropriate court for removing an action from the Circuit Court of Jackson County, Missouri.

32. Promptly upon filing this Notice of Removal, Dollar General shall give notice in writing to all parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri.

WHEREFORE, Defendant Dollar General prays that this Court assume control over this action as this action is properly removed on the grounds of federal diversity jurisdiction.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Justin M. Dean
Justin M. Dean   MO #48647
700 West 47th Street, Suite 500
Kansas City, MO  64112
816.471.1301
816.471.1303 (*Facsimile*)
justin.dean@ogletree.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of July, 2023, the foregoing was sent via electronic mail to the following:

Martin M. Meyers     MO #29524
EmmaLee A. Wilson  MO #72195
THE MEYERS LAW FIRM, LC
4435 Main Street, Suite 503
Kansas City, MO  64111
816.444.8500
816.444.8508 (*Facsimile*)
mmeyers@meyerslaw.com
ewilson@meyerslaw.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Justin M. Dean
**ATTORNEY FOR DEFENDANT**
