# EXHIBIT A

JoAnn Lampe

| | |
|---|---|
| **From:** | sop@cscglobal.com |
| **Sent:** | Wednesday, June 7, 2023 1:01 PM |
| **To:** | JoAnn Lampe |
| **Subject:** | Notice of Service of Process - Transmittal Number:27063535 |

**THIS COULD BE A PHISHING MESSAGE!** The sender is from outside your organization, so carefully inspect this message for indicators of phishing. **DO NOT** click links, open attachments, or take other actions in any untrusted or suspicious message.



## NOTICE OF SERVICE OF PROCESS

### Transmittal Number: **27063535**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Dolgencorp, LLC |
| **Entity I.D. Number:** | 2172521 |
| **Entity Served:** | Dolgencorp, LLC, d/b/a Dollar General Store |
| **Title of Action:** | Germany Smith vs. Dolgencorp, LLC d/b/a Dollar General Store |
| **Matter Name/ID:** | Germany Smith vs. Dolgencorp, LLC d/b/a Dollar General Store (14165919) |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Jackson County Circuit Court, Missouri |
| **Case/Reference No:** | 2316-CV09221 |
| **Jurisdiction Served:** | Missouri |
| **Date Served on CSC** | 06/07/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
The Meyers Law Firm, LC
816-444-8500

**Primary Contact:**
Aimee Fuqua
Dollar General Corporation

**Electronic copy provided to:**
afuqua@dollargeneral.com
sfrank@dollargeneral.com
jlampe@dollargeneral.com
jcowan@dollargeneral.com
rkell@dollargeneral.com

**NOTES:**

To review other documents in this matter, please link to CSC's Matter Management Services at
www.cscglobal.com

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

**251 Little Falls Drive, Wilmington, Delaware 19808-1674
(888) 690-2882  |  sop@cscglobal.com**



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JERRI J ZHANG | Case Number: 2316-CV09221 |
|---|---|
| Plaintiff/Petitioner:<br>GERMANY SMITH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>EMMALEE ANN WILSON<br>4435 MAIN ST<br>SUITE 503<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>DOLGENCORP, LLC, D/B/A DOLLAR GENERAL STORE | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: DOLGENCORP, LLC, D/B/A DOLLAR GENERAL STORE
Alias:
CSC LAWYERS INCORPORATING SERV
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*



*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

16-MAY-2023
Date _____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____   _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

(Seal)   **Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
My commission expires: _____   _____
                              Date                          Notary Public

**Sheriff's Fees**
Summons                        $ _____
Non Est                        $ _____
Sheriff's Deputy Salary
Supplemental Surcharge         $   10.00
Mileage                        $ _____ ( _____ miles @ $. _____ per mile)
Total                          $ _____
A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 23-SMCC-5504   1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:23-cv-00471-DGK   Document 1-1   Filed 07/07/23   Page 4 of 13

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| GERMANY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: |
| ) | |
| ) | |
| DOLGENCORP, LLC, d/b/a ) | |
| DOLLAR GENERAL STORE ) | |
| #14255 ) | |
| SERVE REGISTERED AGENT: ) | |
| CSC-Lawyers Incorporating ) | |
| Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| AND ) | |
| ) | |
| DERRICK WILLIAMS ) | |
| SERVE AT: ) | |
| 3023 E 27TH ST, ) | |
| KANSAS CITY, MO 64127-4127 ) | |
| ) | |
| Defendants. ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Germany Smith and, for her cause of action against Defendants Derrick Williams ("Williams") and Dolgencorp, LLC d/b/a Dollar General Store #14255 ("Company"), states and alleges as follows:

### JURISDICTION & VENUE

1. This action alleges that Defendant Williams committed assault and battery, arising under Missouri law in Jackson County, Missouri.

2. Plaintiff was first injured by Defendant Williams' unlawful assault in Jackson County, Missouri; as such, venue is proper in this Court pursuant to R.S.Mo. § 508.010.

3. This action alleges that Defendants engaged in unlawful discriminatory practices in violation of the Missouri Human Rights Act, R.S.Mo. §§ 213.010, *et seq.*

4. The unlawful discriminatory practices alleged herein occurred in Jackson County, Missouri, where Plaintiff was first injured by Defendant's unlawful conduct; as such, venue is proper in this Court pursuant to R.S.Mo. § 508.010.

## PARTIES

5. Plaintiff is an African American female resident of Jackson County, Missouri.

6. Defendant Williams is an African American male resident of Jackson County, Missouri.

7. Defendant Company employs six or more persons, such that Defendant is an "employer" within the meaning of R.S.Mo. § 213.010(8).

## CONDITIONS PRECEDENT

8. Plaintiff timely filed a Charge of Discrimination with the Kansas City Missouri Human Relations Department ("KCHRD") which was dually filed with the Equal Employment Opportunity Commission ("EEOC") on January 18, 2022 within 180 days of her termination, alleging discrimination based on race and/or color, as well as retaliation, as described in this petition.

9. Plaintiff's Charge of Discrimination was transferred from the KCHRD to the Missouri Commission on Human Rights ("MCHR").

10. Plaintiff received notice of her right to sue regarding the January 18, 2022, Charge of Discrimination from the MCHR by a letter dated January 19, 2023.

11. This Petition is being filed within 90 days of the MCHR's notification letter to Plaintiff and within two years of the occurrence or reasonable discovery of the unlawful employment practices alleged herein.

## GENERAL ALLEGATIONS

12. Plaintiff began working for Defendant on or about December 15, 2021, at its location at 4235 Troost Avenue, Kansas City, Missouri ("Defendant's Store").

13. Defendant Derrick Williams ("Williams"), at all times relevant herein, was the store manager of Defendant's Store and Plaintiff's direct supervisor.

14. Throughout Plaintiff's employment, Defendant Williams sexually harassed Plaintiff.

15. During Plaintiff's interview, Defendant Williams commented about his marriage and sexual behavior.

16. Defendant Williams commented about sexual relations and "what he would do to [Plaintiff]."

17. Defendant Williams referred to himself as a "Nymphomaniac."

18. Defendant Williams volunteered that he was unfaithful in his marriage and told Plaintiff that it was because he did not receive enough sexual gratification from his wife.

19. Throughout Plaintiff's employment, Defendant Williams commented about Plaintiff's backside and her breasts.

20. Defendant Williams repeatedly asked Plaintiff if she was wearing underwear.

21. Defendant Williams offered Plaintiff money to have sexual intercourse with him.

22. Defendant Williams described to Plaintiff graphic sexual acts he wanted to observe Plaintiff perform or engage in.

23. Defendant Williams described sex acts he wanted to perform on Plaintiff and wanted to gauge her reaction to these sex acts.

24. On or about January 3, 2022, Defendant Williams hit Plaintiff with a green ruler on her backside.

25. Defendant Williams hit Plaintiff in a sexual act known as "spanking."

26. Every time Plaintiff worked a shift, Defendant Williams also worked for some period of the same shift, except for December 23, 2021, to January 1, 2023, when Williams took time off work.

27. Each and every time Plaintiff saw Williams, Williams made one or more sexual remarks.

28. This commentary occurred throughout the Plaintiff's eight-hour shifts and whenever a customer was not in close proximity.

29. Defendant Williams made comments suggesting that other female employees had been receptive to his sexual advances.

30. Plaintiff objected on multiple occasions to Defendant Williams about his comments and conduct and reported him to the District Manager on January 5, 2022.

31. Plaintiff has not heard anything from Defendant Company regarding her report since January 5, 2022.

32. To Plaintiff's knowledge, Defendant Company has taken no corrective action against Defendant Williams, despite Plaintiff's report about his misconduct.

33. Defendant Williams' sexually vulgar comments were made based on and because of Plaintiff's female sex.

Electronically Filed - Jackson - Kansas City - April 04, 2023 - 03:52 PM

34. Defendant Williams' daily vulgar comments toward Plaintiff were sufficiently severe and pervasive to create an intimidating, hostile, or offensive work environment or had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

35. Such conduct subjects Defendant Company to liability for sexual harassment.

36. Defendant William's harassment affected a term, condition, or privilege of Plaintiff's employment in a manner sufficiently severe to create an abusive work environment.

37. The hostile work environment created and maintained by Defendant Company through Defendant Williams caused damage to Plaintiff in the form of emotional distress, mental anguish, humiliation, and embarrassment and ultimately led to Plaintiff's constructive discharge.

## COUNT I
## TORTIOUS ASSAULT & BATTERY AGAINST DEFENDANT WILLIAMS

38. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

39. At the time and place previously alleged, Defendant Williams committed a battery on Plaintiff by striking her on her backside, thereby causing contact with Plaintiff that was offensive to Plaintiff and that would be offensive to a reasonable person.

40. Defendant Williams' battery of Plaintiff was outside the scope of his responsibilities and role as her supervisor.

41. Defendant Williams' unlawful actions have damaged Plaintiff.

42. The actions of Defendant Williams, in committing a battery on Plaintiff, constituted willful and wanton conduct, and as such, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor against Defendant Williams for actual damages that are fair and reasonable, for punitive damages, for her costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II

### SEXUAL HARASSMENT/SEXUALLY HOSTILE WORK ENVIRONMENT AGAINST DEFENDANT COMPANY

43. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

44. Plaintiff hereby alleges sexual harassment/sexual hostile work environment against Defendant Company.

45. Plaintiff's sex (female) was a motivating factor in Defendant Company's decisions to allow the existence of the aforementioned sexually hostile work environment directed at Plaintiff.

46. Defendant Company's actions, as noted above, constituted sexual harassment via the creation and allowed existence of a sexually hostile work environment to which Plaintiff was subjected in violation of the MHRA as Defendant Company and its supervisors (including the individually named Defendant) were aware of the illegal acts of its employees and managers, and did not take action to stop or prevent the acts that violated the Defendant Company workplace policy, as well as the Missouri Human Rights Act.

47. The sexual misconduct Plaintiff experienced created an intimidating, hostile, or offensive work environment, or had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

48. Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary, and capricious and constituted a disparity in treatment toward Plaintiff, and her sex,

Electronically Filed - Jackson - Kansas City - April 04, 2023 - 03:52 PM

female, was a motivating factor in the creation and fostering of a sexually hostile work environment to which Plaintiff was subjected.

49. At the time these actions were taken by Defendant Company, Defendant Company knew that these actions were unlawful and Defendant Company's actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

50. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

**WHEREFORE**, Plaintiff prays for judgment in her favor against Defendant Company, for her fair and reasonable actual damages, for punitive damages, for reasonable attorneys' fees, for her costs, and for such other and further relief as the Court deems just and proper under the circumstances.

|  | **THE MEYERS LAW FIRM, LC** | |
|---|---|---|
| By: | */s/ EmmaLee A. Wilson* | |
|  | Martin M. Meyers | MO #29524 |
|  | mmeyers@meyerslaw.com | |
|  | EmmaLee A. Wilson | MO #72195 |
|  | ewilson@meyerslaw.com | |
|  | 4435 Main Street, Suite 503 | |
|  | Kansas City, Missouri 64111 | |
|  | (816) 444-8500 | |
|  | (816) 444-8508 *facsimile* | |

**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

GERMANY SMITH,

                PLAINTIFF(S),           CASE NO. 2316-CV09221

VS.                                                     DIVISION 11

DOLGENCORP, LLC, D/B/A DOLLAR GENERAL STORE,

                DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

     NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable ADAM L. CAINE on 03-AUG-2023 in DIVISION 11 at 09:00 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

     A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

     At the Case Management Conference, counsel should be prepared to address at least the following:

    a.     A trial setting;

    b.     Expert Witness Disclosure Cutoff Date;

    c.     A schedule for the orderly preparation of the case for trial;

    d.     Any issues which require input or action by the Court;

    e.     The status of settlement negotiations.

2316-CV09221                           Page 1 of 2                           DMSNCMCIV (2/2017)

Case 4:23-cv-00471-DGK   Document 1-1   Filed 07/07/23   Page 12 of 13

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ ADAM L. CAINE
ADAM L. CAINE, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
EMMALEE ANN WILSON, 4435 MAIN ST, SUITE 503, KANSAS CITY, MO 64111

MARTIN MEYERS, 4435 MAIN ST, SUITE 503, KANSAS CITY, MO 64111

Defendant(s):
DOLGENCORP, LLC, D/B/A DOLLAR GENERAL STORE
DERRICK WILLIAMS

Dated: 05-APR-2023

BEVERLY A. NEWMAN
Court Administrator