IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GERMANY SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-00471-DGK |
| DOLGENCORP, LLC, d/b/a DOLLAR GENERAL STORE AND DERRICK WILLIAMS | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO REMAND

This is a civil lawsuit brought by Plaintiff Germany Smith against Defendants Dolgencorp, LLC, d/b/a Dollar General Store ("Dollar General") and Derrick Williams. Defendants removed this case from the Circuit Court of Jackson County, Missouri based on diversity jurisdiction. Defendants claim Plaintiff fraudulently joined Williams to destroy diversity and prevent removal. Now before the Court is Plaintiff's Motion to Remand. ECF No. 6. For the following reasons, the motion is GRANTED.

### Standard

A defendant may remove to federal court when the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the Court must remand the case to the state court from which it was removed. *Id.* § 1447(c). Where a party removes based on the Court's diversity jurisdiction, the removing party bears the burden of proving the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a).

Under the doctrine of fraudulent joinder, however, the Court "may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). The Eighth Circuit has articulated the fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. It is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. . . . [J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks and citations omitted).

In predicting whether state law might impose liability, the Court "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* at 811. The Court is not tasked with "*definitively* settl[ing] the ambiguous question of state law[,]" but rather "simply determin[ing] whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Id.* "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (internal quotation marks omitted). The party asserting fraudulent joinder bears the burden of demonstrating the fraud. *Id.* at 809.

2

## Background

Plaintiff, a female, began working for Dollar General on or about December 15, 2021. Defendant Williams, a male, was the store manager and Plaintiff's direct supervisor at all relevant times. Plaintiff and Williams are both Missouri residents. Dollar General is a Kentucky limited liability company with its corporate headquarters/principal place of business in Tennessee.

Plaintiff alleges Williams sexually harassed her throughout her employment by making sexual comments and suggesting they engage in sexual acts. Williams' commentary allegedly occurred throughout Plaintiff's eight-hour shifts and whenever a customer was not close by.

On or about January 3, 2022, Plaintiff alleges Williams intentionally hit her on the buttocks with a ruler. On January 5, 2022, Plaintiff reported Williams to her district manager. The Complaint does not specify exactly what Plaintiff reported to her manager. Nonetheless, Plaintiff states she has not heard anything from Dollar General regarding her report to date, nor has Dollar General taken corrective action against Williams.

On January 18, 2022, Plaintiff filed discrimination charges with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). On January 19, 2023, the MCHR issued Plaintiff a right-to-sue letter. Plaintiff timely filed this two-count lawsuit in the Circuit Court of Jackson County, Missouri, on April 4, 2023.

Count I alleges tortious assault and battery against Williams for hitting Plaintiff with the ruler. Count II alleges sexual harassment/sexually hostile work environment in violation of the Missouri Human Rights Act ("MHRA") against Dollar General as Plaintiff's employer. Plaintiff claims Dollar General was aware of the illegal acts of its employees and manager yet took no action to stop or prevent the acts. The Complaint seeks actual and punitive damages as well as fees and costs against Dollar General and Williams in his individual capacity.

On July 7, 2023, Defendants removed the case based on diversity jurisdiction. Defendants claim Plaintiff fraudulently joined Williams to destroy diversity and prevent removal. *See* Notice of Removal at 4–7, ECF No. 1. On July 14, 2023, Plaintiff moved to remand arguing Williams was properly joined.[1] ECF No. 6. Also pending is Defendants' motion to compel arbitration. ECF No. 4. However, since the Court lacks jurisdiction to hear this case, Defendants' motion to compel arbitration is DENIED AS MOOT.

**Discussion**

The MHRA "provide[s] the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. Stated differently, claims arising out of the employment relationship are preempted by the MHRA and cannot be brought. Thus, the question here is whether Plaintiff's assault and battery claim arises from the employment relationship. *See Johnson v. Midwest Division-RBH, LLC, et al.*, No. 4:20-CV-00728-BCW, 2021 WL 5541783, at *3 (W.D. Mo. Jan. 11, 2021); *Winfrey v. Ford Motor Co.*, No. 4:19-CV-00889-DGK, 2020 WL 1558117, at *2 (W.D. Mo. Apr. 1, 2020). In the fraudulent joinder context, if Plaintiff's claim against Williams is "colorable," then there is no complete diversity between the parties and the case must be remanded to state court. If, however, the MHRA preempts Plaintiff's claim against Williams, then the fraudulent-joinder exception to complete diversity applies, and the Court would have subject matter jurisdiction to hear this case.

Defendants argue Plaintiff's claim against Williams is preempted by the MHRA because (1) she never alleged Williams' actions were taken outside the scope of her employment; and (2) it arises from the same factual allegations underlying Plaintiff's MHRA claims against Dollar

---

[1] Plaintiff also argues the case should be remanded because Defendants failed to adequately allege the amount in controversy exceeds $75,000. Mot to Remand at 7. Since the Court is remanding on the first argument, it will not address this issue.

General. Suggestions in Opp'n at 3–7, ECF No. 13. Plaintiff disputes both arguments and further argues her claim is not preempted by the MHRA because Williams is a co-employee, not an "employer" as defined by the MHRA. Suggestions in Supp. at 1, ECF No. 7. According to Plaintiff, the MHRA does not preempt tort claims against co-employees. Defendants do not dispute that Williams is not an "employer" under the MHRA.[2]

As an initial matter, the Complaint specifically seeks to recover from Williams individually and states, "Defendant Williams' battery of Plaintiff was outside the scope of his responsibilities and role as her supervisor." Pet. at 5, ECF No. 1-1. While Plaintiff never states Williams was "acting outside the scope of the employment relationship," she also does not state he was acting *within* the scope of the employment relationship. Thus, the Court finds a genuine dispute of fact exists as to what capacity Williams was acting in. *Compare Johnson*, 2021 WL 5541783, at *3 (denying remand where plaintiff pled co-employee's tortious acts occurred within the scope of employment), *with Matthews v. Syncreon.us, Inc.*, No. 20-CV-6140-SRB, 2020 WL 6538332, at *3 (W.D. Mo. Nov. 6, 2020) (granting remand where plaintiff pled co-employee was either acting outside the scope of employment or alternatively within the scope of employment), *and Alst v. Missouri CVS Pharmacy, L.L.C.*, No. 4:20-CV-00155-NKL, 2020 WL 2319882, at *2–3 (W.D. Mo. May 11, 2020) (granting remand where plaintiff pled co-employee's tortious acts occurred outside the scope of employment). Similarly, the Court cannot definitively conclude Plaintiff's claims against Williams and Dollar General arise from the same facts. This is a question best left for the state court to decide. *See Filla*, 336 F.3d at 811.

Because the state court might reasonably conclude the MHRA does not preempt Plaintiff's claim against Williams, Plaintiff's claim is colorable, and the fraudulent joinder exception does

---

[2] The MHRA excludes from the definition of an employer "an individual employed by an employer." Mo. Rev. Stat. § 213.010.8(c).

not apply. Accordingly, this Court lacks subjected matter jurisdiction given the absence of complete diversity.

## Conclusion

For the reasons stated above, Plaintiff's motion to remand is GRANTED, and the case is REMANDED to state court. Defendants' motion to compel arbitration is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  November 13, 2023                /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT